IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QUINCY BERNARD JONES,<br><br>    *Plaintiff,*<br><br>v.<br><br>FEATHERSTONE CONDOMINIUM HOMEOWNERS ASSOCIATION INC., *et al.,*<br><br>    *Defendant.* | CIVIL ACTION NO.<br>5:25-cv-00196-TES |

**ORDER**

Pro se Plaintiff Quincy Jones commenced this civil action on May 13, 2025, by filing a Complaint [Doc. 1] seeking relief under the Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3619, and moving for leave to proceed *in forma pauperis* (IFP)—that is, without prepaying fees and costs. *See* [Doc. 2]. Plaintiff then filed an Amended Complaint [Doc. 6] on May 30, 2025, well within his window to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1).

Because the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and waives the filing fee, the Court must screen his Amended Complaint. *See* 28 U.S.C. § 1915(e); [Doc. 6]. As explained in further detail below, the Court **DISMISSES** Plaintiff's Amended Complaint [Doc. 6] for failure to state a claim upon which relief

may be granted.

### A.     Plaintiff's Motion for Leave to Proceed IFP

District courts may allow a plaintiff to file a lawsuit without prepaying fees and costs under 28 U.S.C. § 1915, which provides that:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

In his Motion, Plaintiff avers that he has been unemployed for at least the past twelve months and that his only income consists of a monthly disability payment in the amount of $967. [Doc. 2, p. 1]. His rent is $900 a month, and he receives monthly food stamps in the amount of $141. [*Id.* at p. 2]. Because Plaintiff signed an affidavit declaring under penalty of perjury that the aforementioned information is true, the Court

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citation omitted).

concludes that he is presently unable to pay the fees and costs of commencing this action in his current financial state. [*Id.*]. Therefore, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Doc. 2].

## B. <u>Legal Standards</u>

Having granted Plaintiff IFP status, the Court must now screen his Complaint and determine whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[2] *See* 28 U.S.C. § 1915(e). The Supreme Court has defined the term "frivolous" to include complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that courts often dismiss actions under 28 U.S.C. § 1915 sua sponte "to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

---

[2] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings [IFP] generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam). The Court can also dismiss a case at any time if it determines that the action is frivolous or malicious or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Neitzke*, 490 U.S. at 326. "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proved consistent with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

On the other hand, frivolity review under 28 U.S.C. § 1915(e) also functions to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanction for bringing vexatious suits." *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12(b)(6) and § 1915 share "considerable common ground" with each other, and even though both counsel dismissal of complaints filed IFP that fail to state a claim and lack an arguable basis in law, one dismissal standard

does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

Courts construe complaints filed by pro se plaintiffs liberally and hold their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, despite the Court's liberal construction, a pro se litigant is still required to follow a court's local rules and the Federal Rules of Civil Procedure like litigants who are represented by counsel. *Fotse v. Angel Oak Prime Bridge, LLC*, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020) (citing *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1313 (D. Utah 2004)). If a pro se party fails to conform with procedural rules, a court may sua sponte dismiss a nonconforming pleading without prejudice. *Id.* (citing *Jarzynka v. St. Thomas Univ. Sch. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004)).

C.   **Frivolity Review**

As noted above, Plaintiff's three-count Amended Complaint seeks relief under the FHA. [Doc. 6]. Counts One and Two allege retaliation, whereas Count Three alleges failure to accommodate a disability. [*Id.*].

In Counts One and Two, Plaintiff alleges that Defendants retaliated against him for sending a civil demand letter (related to an employment discrimination claim) and

for filing this lawsuit. [*Id.* at pp. 3–4]. According to Plaintiff, Defendants sent a copy of his demand letter to his landlord and notified his landlord of this lawsuit, causing him to fear that his landlord might retaliate against him. [*Id.*].

The FHA's antiretaliation provision makes it "unlawful to coerce, intimidate, threaten, or interfere with any person . . . on account of his having exercised or enjoyed . . . any right granted or protected by" the FHA. 42 U.S.C. § 3617.[3] To state a claim under this provision, a plaintiff must allege that (1) he engaged in a protected activity, (2) the defendant subjected him to an adverse action, and (3) a causal link exists between the protected activity and the adverse action. *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 644 (11th Cir. 2015) (citation omitted).

Assuming Plaintiff's conduct qualifies as protected activity under the FHA—*see* 24 C.F.R. § 100.400(c)(5)—he fails to allege that Defendants took any adverse action against him. *See* [Doc. 6, pp. 2–4]. Rather, he merely asserts that Defendants informed his landlord of pending legal claims—conduct that falls far short of coercion, intimidation, threat, or interference. *See* [*Id.* at pp. 3–4]; 42 U.S.C. § 3617; *Philippeaux*, 598 F. App'x at 644 (citation omitted). Thus, Plaintiff fails to state a claim for retaliation

---

[3] The Court is presuming that Defendant Featherstone Condominium Homeowners Association, Inc., is an HOA, even though Plaintiff did not specifically allege this. If so, it can be sued under the FHA. *Watts v. Joggers Run Prop. Owners Ass'n, Inc.*, 133 F.4th 1032 (11th Cir. 2025). The Court is assuming that other Defendants can also be sued under the FHA because, either way, the Amended Complaint fails to state a claim.

under the FHA.[4]

In Count Three, Plaintiff alleges that Defendants constructively denied housing accommodations or modifications under the FHA. [Doc. 6, pp. 5–6]. Plaintiff claims that he requested reasonable accommodations by certified mail on February 5, 2025, and that the request was received on February 6, 2025. [*Id.* at p. 5]. Specifically, he asked that a contractor remove slippery, wet dirt from his parking spot and the sidewalk connected to his unit because he is afraid he will slip and fall. [*Id.*]. Plaintiff contends that despite Defendants' awareness of his disability status under the FHA, his requests have not been fulfilled. [*Id.*].

This claim is also insufficient. Under the FHA, it is unlawful to discriminate against a renter with disabilities by refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. *Philippeaux*, 598 F. App'x at 643-44 (quoting 42 U.S.C. § 3604(f)(3)(B)). To state a failure-to-accommodate claim under the FHA, a plaintiff must allege that "(1) he is disabled within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an [equal] opportunity to use and enjoy

---

[4] Furthermore, Plaintiff does not allege any harm caused by Defendants' actions. [Doc. 6]. At a minimum, Article III requires a party who invokes a court's authority to show that he personally has suffered some actual or threatened injury as result of putatively illegal conduct of the defendant and that injury fairly can be traced to the challenged action. U.S. Const. art. III, § 1; *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982).

his dwelling, and (4) the defendants refused to make the accommodation." *Id.* at 644. The FHA's reasonable accommodation provision requires only those accommodations that may be necessary to afford equal opportunity to use and enjoy a dwelling. *Id.* (quoting *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008)). And an accommodation is only "necessary" if it "alleviates the effects" of an impairment that limits a person's ability to, among other things, walk, see, hear, or work. *Schaw v. Habitat for Human. of Citrus Cnty., Inc.*, 938 F.3d 1259, 1270 (11th Cir. 2019).

Plaintiff claims that "Defendants are fully aware that [he] is disabled within the meaning of the FHA," and that may be true. [Doc. 6, p. 6]. But he doesn't say what his disability is or how cleaning a parking space or sidewalk would address a need created by it. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008). Therefore, Plaintiff fails to state a failure-to-accommodate claim under the FHA.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed IFP [Doc. 2]. Then, upon screening Plaintiff's Complaint under 28 U.S.C. § 1915(e), the Court **DISMISSES** Plaintiff's Amended Complaint [Doc. 6] **without prejudice** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

---

[5] Having "dismissed all claims over which [the Court] has original jurisdiction," the Court declines to exercise supplemental jurisdiction over any state-law Plaintiff may have intended to assert. 28 U.S.C. § 1367(c)(3).

**SO ORDERED**, this 11th day of June, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
